IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHIE R. FLORSHEIM, an Individual,<br><br>            Plaintiff,<br><br>      v.<br><br>FUNKHOUSER VEGOSEN LIEBMAN & DUNN, LTD., an Illinois corporation; VANCE L. LIEBMAN, an Individual; WILSON P. FUNKHOUSER, an Individual; NANCY F. PRICE, an Individual; KIRA A. PRICE, an Individual; and KYLE A. PRICE, an Individual; and BARBEL M. DAHLSTROM, an Individual,<br><br>            Defendants. | Case No. 22 C 29<br><br>Judge Harry D. Leinenweber |

**MEMORANDUM OPINION AND ORDER**

## I. BACKGROUND

This is an action for breach of trust, breach of fiduciary duty, malpractice, unjust enrichment, and accounting brought by Kathie R. Florsheim ("Florsheim") a residual beneficiary of an Illinois trust administered by Defendants, Funkhouser, Vegosen, Liebman & Dunn, Ltd., an Illinois Corporation, and partners Vance L. Liebman, and Wilson P. Funkhouser (collectively "FVLD"). The remaining defendants Nancy F. Price, Kira A. Price, Kyle A. Price, and Barbel M. Dahlstrom are also beneficiaries of the trust. While

the Complaint alleges a variety of claims against FVLD, this Motion involves only the claim for recovery of trustee's fees paid from September 2014 to the present.

FVLD has filed a Motion for Partial Summary Judgment seeking to bar recovery of fees billed for services performed prior to January 4, 2017 (Dkt. No. 55.) The basis for the Motion is the five-year statute of limitations of 735 ILCS 5/13-205 that governs claims against defendants for breach of duties allegedly owed as a trustee. *White v. Richert,* 2018 U.S. Dist. LEXIS 146747 (N.D, Ill. 2018). This suit was commenced on January 4, 2022, five years after January 3, 2017.

## II. DISCUSSION

The Plaintiff seeks denial of the Motion arguing that the Illinois discovery rule extends the statute of limitations because Plaintiff was not on notice of FVLD's malfeasances which led to "astronomical, excessive, and unnecessary fee" demands. FVLD responds that Plaintiff was on notice of this claim as of July 8, 2016, when her Illinois attorney contacted FVLD expressing concern over the propriety of the fees.

Under Illinois law, a statute of limitations may run despite the lack of knowledge of specific wrongful conduct. The statute is triggered when "the plaintiff knows or reasonably should have known of the injury and it may have been wrongfully caused."

*Scheinblum v. Schain Banks Kenny & Schwartz, Ltd.,* 2021 Ill. App. (1st) 200798.

According to the parties' Rule 56 Statements of Fact, the Plaintiff, the daughter of the trust settler, Nancy Florsheim, has since 2007 been represented by attorney Robert Petix, an experienced trust and estate lawyer of Providence, Rhode Island. Because she found the billing information from FVLD to be incomplete and confusing, she directed FVLD to communicate directly with Petix. In June 2016, Plaintiff retained Illinois attorney Michael Lo Vallo, of Reed Smith, as additional counsel because the trust was administered according to Illinois law.

On July 8, 2016, Lo Vallo sent a letter to FVLD advising, on behalf of Plaintiff, that he had been examining the fees charged to the trust by FVLB. He wrote that "although [he] had not yet reviewed the bills thoroughly, one other area of concern . . . is that the amount of fees appear unusually high and are certainly substantial." Previously, Attorney Petix said that he had found it "difficult to get complete copies of bills from the Trustee Defendants and that they were not fully provided for a number of years. Billing information that was provided was not detailed and confusing as legal expenses were split across several entities controlled by the Trust."

The issue is whether this was sufficient to apprise "a reasonable person to the need of further enquiry to determine whether a legal wrong has been committed." *Young v. McKiegue,* 303 Ill. App. 3d 380, 390 (1st Dist. 1999).

Plaintiff cites several cases which arise out of "a sudden traumatic event" that clearly established the date the statute of limitations commences, and she argues that the excessive fees are not like that. However, the Illinois discovery rule applies in cases involving lesser provocation, where a party is on notice that he needs to acquire more information to determine whether there may be a claim. Plaintiff's attorneys spent the next years receiving and reviewing the fee records from FVLD. They had plenty of time to conclude that there was actual wrongdoing and do something about it.

Statutes of Limitations are important. As the Illinois Supreme Court said in *Golla v. General Motors Corp.*:

> A limitations period encourages claimants to investigate and pursue causes of action and thereby discourages delay in the bringing of claims. The approach urged by the plaintiff, however, simply encourages injured claimants to adopt a "wait and see" strategy and to defer filing lawsuits until the full extent of their injuries becomes apparent. . . . Allowing the plaintiff's subjective assessment of the severity of an injury to control when the limitations period commences also creates uncertainty and doubt, where the legislature intended to promote predictability and finality.

167 Ill.2d 353,370 (1995).

The Motion for Partial Summary Judgment is granted and Plaintiff's claim for excessive trustee fees is limited from January 4, 2017 forward.

### III. CONCLUSION

For the reasons stated herein, Defendants' Motion for Partial Summary Judgment is granted. Plaintiff's claim for fees is denied. Any fees incurred prior to January 4, 2017 are time barred.

**IT IS SO ORDERED.**

                                        Harry D. Leinenweber, Judge
                                        United States District Court

Dated: 7/19/2023